IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:24-CR-00016-Z-BR-(1) |
| ROMAN VAZQUEZ-OCHOA, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Roman Vazquez-Ochoa ("Defendant" or "Ochoa") is charged in a two-count indictment with (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; and (2) Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Defendant moves to suppress all evidence seized by law enforcement during a search of 3122 Orange Street in Amarillo, Texas, conducted pursuant to a search warrant. ECF No. 2. For the reasons stated below, the Court **DENIES** the motion.

Because neither party requested a hearing on the pending Motion to Suppress ("Motion") and because the sole issues in Defendant's Motion are issues of *law*, not of fact, the Court, in its discretion, declines to hold a hearing on Defendant's Motion and the Government's Response.[1] *See* ECF Nos. 23, 24.

---

[1] *See United States v. Harrellson*, 705 F.2d 733, 737 (5th Cir. 1983) (holding evidentiary hearings are only required on a Motion to Suppress where necessary to receive an issue of fact). Here the sole issue before the Court is whether the search warrant affidavit in question is "so lacking in indicia of probable cause" as to qualify as "bare bones." As such, the Court relied solely on the information contained in the four corners of the search warrant and search warrant affidavit in deciding Defendant's Motion to Suppress.

1

**BACKGROUND**

On June 19, 2023, a confidential informant ("CI") contacted Task Force Officer Kerry Blackerby ("TFO Blackerby") to discuss and describe drugs observed inside the residence at 3122 Orange Street—specifically, the CI's observation of "suspected party [Roman Vazquez-Ochoa] in possession of a usable amount of Cocaine." ECF No. 23-1 at 1–2. The same day, TFO Blackerby applied for a warrant to search for evidence of cocaine trafficking at 3122 Orange Street in Amarillo, Texas. ECF No. 23-1 at 1–2. In support of an application for the warrant, TFO Blackerby provided an affidavit containing, in part, the following information:

> A confirmed confidential informant contacted the affiant and advised the affiant that the said confidential informant was inside the said suspected place within 72 hours of today's date 06/19/2023, and observed the suspected party in possession of a useable amount of Cocaine which is in violation of the Texas Health and Safety Code. The confidential informant knows that the substance is Cocaine because the confidential informant has purchased and used Cocaine in the past. The confidential informant has provided information to the affiant and other law enforcement partners about narcotics traffickers in the past and through investigations, the affiant and the affiants partners, was able to establish the information has been proven to be reliable, true and correct. The confidential informant has been told by the affiant and other narcotic agents and the confidential informant is aware that possession of Cocaine is a violation of the Texas Health and Safety Code and that the suspected party was in violation of the Texas Health and Safety Code.

*Id.* at 2.

The affidavit also described TFO Blackerby's education, experience, and training. *Id.* at 2. TFO Blackerby has served for sixteen years as a Randall County Sheriff's Deputy. *Id.* For the past seven years, he has also concurrently served as a TFO with the Drug Enforcement Administration ("DEA"). *Id.* TFO Blackerby also completed training in criminal investigations and drug offenses through the Randall County Sheriff's Office, the DEA, the Texas Department of Public Safety ("DPS"), and several other organizations. *Id.* He has "personally assisted and conducted numerous

2

narcotics investigations, including multiple-defendant organized crime cases" and has conducted "numerous investigations into violations of the TX Health and Safety Code Chapter 481." *Id.*

Upon review of the affidavit, Judge Jennifer Cates issued a search warrant for 3122 Orange Street. *See id.* at 3. During the search, law enforcement found Defendant inside the house sitting at a table in the dining room. ECF No. Officers located a backpack next to the chair in which Defendant was sitting. ECF No. 1 at 1–2. In searching the backpack, officers located a "scale, $9,000 in cash and approximately 520 grams in compressed white powdery substance that tested positive for cocaine." ECF No. 1 at 2. The Government subsequently charged the Defendant on two counts, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 5.

### STANDARDS

Where a Defendant challenges a search warrant for lack of probable cause, the Court applies a two-step test. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). First, the Court determines whether the good-faith exception to the exclusionary rule, announced in *United States v. Leon*, 468 U.S. 897, 919–20 (1984), applies. *Payne*, 341 F.3d at 399. Under the good-faith exception, evidence obtained during a search pursuant to a legally-deficient warrant is admissible, "so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." *Id.* "Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). Second, if the good-faith exception applies, the Court "need not reach the question of probable cause for the warrant unless it presents a 'novel question of law,' resolution of which is 'necessary to guide future action by law enforcement officers and

magistrates.'" *Payne*, 341 F.3d at 399. But, if the good-faith exception does not apply, the Court must then determine whether "the magistrate had a substantial basis for . . . concluding that probable cause existed." *See United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129–30 (5th Cir. 1997) (internal citations omitted).

The good-faith exception does not apply where: (1) the affiant recklessly disregarded the truth and misled the magistrate or judge with false information; (2) the issuing judge or magistrate "wholly abandoned" his judicial role; (3) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable;" and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or things to be seized the executing officers cannot reasonably presume it to be valid. *Payne*, 341 F.3d at 399–400 (citing *United States v. Webster*, 960 F.2d 1301, 1307 n. 4 (5th Cir. 1992)).

A district court's review of the sufficiency of an affidavit should pay "great deference" to the magistrate's decision. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). A "grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant," and "courts should not invalidate warrants by interpreting affidavits in a hyper-technical, rather than a commonsense manner." *Id.* (internal citations omitted).

ANALYSIS

Here, the Court agrees with Defendant that the affidavit at issue presents a "close call" as to whether the good-faith exception applies and whether probable cause existed for the magistrate to issue the warrant. But in considering the totality of the circumstances, the Court finds that the affidavit was not "bare bones," and the good-faith exception thus applies in this case. The affidavit sets forth sufficient *specific* details about the CI's presence at 3122 Orange Street to survive the

"bare bones" analysis under binding Fifth Circuit precedent. It also provides sufficient detail regarding the CI's veracity and reliability for the magistrate to have found probable cause. The executing Task Force Officers, therefore, had an objectively reasonable basis to believe in the validity of the warrant.

But even if the good-faith exception does not apply, the affidavit is still supported by sufficient indicia of probable cause for this Court to uphold the warrant. Here, the affidavit sets forth sufficient facts to support the magistrate's finding of a fair probability that contraband or evidence would be found at 3122 Orange Street.

### A. The good-faith exception applies because the warrant was not obtained with a "bare-bones" affidavit.

The good-faith exception applies "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Brown*, 567 Fed. Appx 272, 281 (5th Cir. 2014) (quoting *Leon*, 468 U.S. at 920). "[E]vidence obtained by law enforcement officials acting in objectively reasonable good-faith reliance upon a search warrant is admissible in the prosecution's case-in-chief, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *Brown*, 567 Fed. Appx at 281 (quoting *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997)).

The exception does not apply when law enforcement obtains a warrant with a "bare bones" affidavit, meaning one containing "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (internal citations omitted). "[E]xamples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *United States v. Pope*, 467 F.3d 912, 920 (5th

Cir. 2006). An affidavit need not contain direct evidence of criminal activity that supports a finding of probable cause. Rather, a magistrate may make reasonable inferences and draw common sense conclusions from an affidavit.[2] "In determining the sufficiency of an affidavit, the Court must examine the totality of the circumstances, including the (1) *veracity*, (2) *reliability*, and (3) *basis of knowledge* of a confidential informant." *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994) (emphasis added). This "totality of the circumstances" approach to probable cause does not require that all tips be corroborated by subsequent police investigation to be considered credible. *See United States v. Blount*, 123 F.3d 831, 836 (5th Cir. 1997).

Defendant argues that the good-faith exception is inapplicable because the affidavit is a "bare bones" affidavit that "lacks all indicia of reliability." ECF No. 23 at 11. Specifically, Defendant alleges that the affidavit failed to specify sufficient facts, especially facts "suggesting that Defendant would be at that location again, or that cocaine would be found at the suspected place at any other time." ECF No. 23 at 14. Defendant further argues that there "was no allegation [in the affidavit], whatsoever, of any independent verification [of the CI's statements]" by law enforcement and that the affidavit failed to allege sufficient facts to indicate that the CI was a credible source upon whom the magistrate could rely on to find probable cause to issue the warrant. ECF No. 23 at 11–13, 15.

Here, the affidavit is not so conclusory or lacking in indicia of probable cause to qualify as "bare bones." First, the affidavit sets forth sufficient specific details about the CI's presence and first-hand observation of drugs at 3122 Orange Street. The affidavit alleges that Defendant was "in charge of or controlled" the 3122 Orange Street residence. ECF No. 23-1 at 1. *See Satterwhite*,

---

[2] *See Brown*, 941 F.2d at 1303 (holding a magistrate "could have reasonably inferred" that criminal activity was occurring from information in an affidavit); *see also United States v. Wylie*, 919 F.2d 969, 975 (5th Cir. 1990) (stating that a magistrate "might reasonably have drawn such [a] common sense conclusion" from an affidavit lacking direct evidence of narcotic sales at a residence).

6

980 F.2d at 321 (affidavit was not "bare bones" where it alleged that the defendant *controlled* the premises). The CI also told TFO Blackerby that he observed Defendant at the residence within 72 hours of the date the search warrant was issued. ECF No. 23-1 at 2. *See United States v. McKnight*, 953 F.2d 898, 904–05 (5th Cir. 1992) (affidavit was not bones where CI personally observed methamphetamine inside the defendant's residence in the last 72 hours); *United States v. Gallegos*, 239 F. Appx 890, 894 (5th Cir. 2007) (affidavit was not "bare bones" where CI had personally observed possession of cocaine on the defendant's property in the last 48 hours). The CI also stated that he observed Defendant in the residence in possession of a "useable amount of cocaine" in violation of the Texas Health and Safety Code. ECF No. 23-1 at 2. *See United States v. Cutwright*, 247 F. Appx 499, 501 (5th Cir. 2007) (affidavit was not "bare bones" where CI observed possession and sale of bagged cocaine); *McKnight*, 953 F.2d at 904–05 (affidavit was not "bare bones" where CI personally observed methamphetamine inside the defendant's residence). The CI further averred that the substance was cocaine because he had both "purchased and used Cocaine in the past." ECF No. 23-1 at 2. *See Satterwhite*, 980 F.2d at 321 (affidavit based on allegations of CI upheld where CI recognized cocaine based on CI's previous cocaine possession and use); *Gallegos*, 239 F. Appx at 894 (same). For the purpose of the good-faith exception, the allegation that (1) Defendant controlled the premises, (2) the CI observed Defendant at the premises within the past 72 hours, (3) the CI observed Defendant in possession of cocaine, and (4) the CI recognized the cocaine because the CI had previously possessed and used cocaine are sufficient facts "from which a magistrate can independently determine probable cause." *Satterwhite*, 980 F.2d at 321.

Second, the affidavit does not lack probable cause simply because it predominately relies on the statements of a confidential informant without additional corroboration by law enforcement.

The affidavit provides sufficient detail regarding the CI's veracity and reliability for the magistrate to find probable cause. When there are no "specific reasons for police to doubt his . . . truthfulness, an ordinary citizen, who provides information to police . . . during an ongoing investigation, may be presumed credible without subsequent corroboration." *Blount*, 123 F.3d at 835; *see also McKnight*, 953 F.2d at 905 ("The Constable's assertion that the confidential informant was 'reliable' and had 'furnished him with information in the past that has proved to be reliable and true' provided the magistrate with sufficient indicia of the reliability and veracity of the informant's tip."). Whether subsequent corroboration is necessary "must be determined in the light of the totality of the circumstances presented by the particular set of facts." *Id.* at 836.

Here, law enforcement had no reason to doubt the CI's credibility or the truthfulness of the CI's statements. The affidavit alleged that the CI had "provided information to the affiant and other law enforcement partners about narcotics traffickers in the past" which the affiant had been able to establish was "reliable, true and correct." ECF No. 23-1 at 2. *See Satterwhite*, 980 F.2d at 321 (finding the CI trustworthy where the affidavit alleged that the CI had assisted law enforcement reliably in the past); *McKaskle*, 731 F.2d at 1200 (same). Furthermore, the CI made an inculpatory statement against interest when he admitted past cocaine use. ECF No. 23-1 at 2 (CI admitted that he "purchased and used Cocaine in the past."). And "[a]dmissions of crime carry their own indicia of reliability – sufficient at least to support a finding of probable cause to search." *United States v. Harris*, 403 U.S. 573, 583 (1971). For purposes of the good-faith exception, this information is sufficient to establish the informant's "basis of knowledge" that there was cocaine in the residence. *See McKnight*, 953 F.2d at 905 (holding affiant's assertion that informant's presence at the defendant's house and observations therein provided information by which a magistrate could judge whether informant had sufficient basis of knowledge).

8

Taken together, the information in TFO Blackerby's affidavit exceeds mere conclusory statements. The affidavit provides sufficient evidence for a magistrate to make reasonable inferences and draw common sense conclusions regarding criminal activity at 3122 Orange Street. When combined with TFO Blackerby's statement about his experience as a DEA Task Force Officer and his extensive training,[3] it was objectively reasonable for the executing officers to believe in the validity of the warrant issued by the judge. Consequently, the Court **FINDS** that the good-faith exception applies and Defendant's Motion to Suppress should be **DENIED**.

### B. Even if the Good-Faith Exception does not apply, the warrant was supported by sufficient indicia of probable cause.

Even if the good-faith exception did not apply, the warrant is still valid because it is supported by probable cause. Probable cause requires a "reasonable ground for belief" that a crime has been committed and evidence of such crime would be found at the suspected place; or there is a reasonable expectation contraband would be found at the suspected place. *See Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006) (quoting *Gates*, 462 U.S. at 249) ("Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime."); *Carroll v. United States*, 267 U.S. 132, 149 (1925) (explaining that "the seizing officer shall have reasonable or probable cause for believing that the automobile which he stops and seizes has contraband liquor there in which is being illegally transported.").

The magistrate must have a "substantial basis for . . . concluding that probable cause existed." *Pena-Rodriguez*, 110 F.3d at 1129–30. To have a "substantial basis" in determining probable cause, the magistrate judge must decide "given all the circumstances set forth in the

---

[3] As described earlier, TFO Blackerby has sixteen years of experience with the Randall County Sheriff's Office, seven years of experience as a TFO with the DEA and has received extensive drug interdiction training through the Randall County Sheriff's Office, the DEA, Texas DPS, and several other organizations. ECF No. 23-1 at 2.

9

affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir 2010). And the reviewing courts "will pay substantial deference to [magistrates'] determinations of probable cause . . . ." *Aguilar v. Texas*, 378 U.S. 108, 111 (1964); *see also United States v. Morton*, 984 F.3d 421, 430 (5th Cir. 2021) (explaining that a "[magistrate judge's] determination of probable cause is entitled to great deference by the reviewing court . . . .").

Here, the affidavit presents more than a substantial basis for the judge to conclude that the residence would contain evidence of cocaine trafficking. The CI was personally present inside the 3122 Orange Street residence and observed Defendant in possession of cocaine. ECF No. 23-1 at 2. The CI also identified the amount of cocaine observed as a "useable amount." *Id.* The CI further stated he could confidently identify the substance as cocaine because of previous personal cocaine possession and use. *Id.* Given the information in the affidavit, the magistrate judge likely could conclude that there is a "fair probability that contraband or evidence" would be found at 3122 Orange Street residence. TFO Blackerby's affidavit further notes that the CI was inside the residence within 72 hours of the issuance of the search warrant. *Id.* Based on the CI's reliable information and excellent track record of providing effective and accurate information to law enforcement, a magistrate had a substantial basis in determining probable cause. Thus, this affidavit is not so "lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." *Payne*, 341 F.3d at 399–400 (citing *Webster*, 960 F.2d at 1307 n. 4). Accordingly, the Court **FINDS** that the affidavit was supported by probable cause, which serves as an independent basis to **DENY** Defendant's Motion.[4]

---

[4] Here, the Court limited its inquiry to the information contained within the four corners of TFO Blackerby's affidavit and the resulting search warrant. Based on the totality of the circumstances as discussed in those documents, the Court concluded that the good-faith exception applied to the search of 3122 Orange Street—even though said affidavit omitted critical facts that *strengthen* the Government's case. Specifically, the affidavit could have stated that (1) TFO

CONCLUSION

For the reasons discussed above, Defendant's Motion to Suppress is **DENIED**.

    **SO ORDERED.**

    September 10, 2024.

                                            MATTHEW KACSMARYK
                                            UNITED STATES DISTRICT JUDGE

---

Blackerby *and* TFO Chris Brown met with the CI at a pre-determined location directly after the CI observed Defendant at the Orange Street residence, (2) the CI thought he observed *at least* 5 kilograms of cocaine in the residence, (3) Defendant provided the CI with approximately one ounce of cocaine in a plastic bag which the CI immediately turned over to Officers Blackerby and Brown, and (4) Defendant was carrying the cocaine in a backpack which he generally left in the dining room of the house. With more particularity and greater attention to detail, this case would not have been a "close call." The Court also notes that this is not the first time it has admonished the Government to ensure that the warrants underlying its cases are supported by thorough, sufficient affidavits. *See United States of America v. Borunda*, cause number 2:20-CR-086-Z (filed on Dec. 15, 2020, as ECF No. 49).